IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STATE OF WISCONSIN,

                                                                                       OPINION and ORDER

                Plaintiff,

                                                                                        08-cv-112-bbc

    v.

MARTIN W. CHAPMAN,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Martin Chapman has filed a document titled, "Removal Petition and request for TRO," in which he appears to be attempting to remove from Polk County circuit court two criminal actions filed against him. These cases have been combined into one action in this court and assigned the case number above. In case no. 07CF331, petitioner is charged with felony violations of Wis. Stat. § 346.04(3), attempting to flee or elude a traffic officer, Wis. Stat. § 946.415(2), resisting arrest, and Wis. Stat. §§ 940.20(2) and 939.32, attempted battery of a peace officer. In case no. 08CM11, petitioner is charged with obstructing an officer in violation of Wis. Stat. § 946.41(1). The petition for removal must be denied because removal of these cases is improper.

      When it clearly appears from the face of a petition and any attached exhibits that the

petition for removal should not be granted, a court must summarily dismiss the petition. 28 U.S.C. § 1446(c)(4). Here, the only possible basis for removal is found in 28 U.S.C. § 1443(1), which states,

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place where it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.

The Supreme Court has interpreted this statute to apply only if the right alleged arises under a federal law providing for specific civil rights *"stated in terms of racial equality,"* and if the right cannot be enforced in state court because of some formal expression of state law. Georgia v. Rachel, 384 U.S. 780, 792 (1966) (emphasis added). "[I]t is not enough . . . to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court." City of Greenwood v. Peacock, 384 U.S. 808, 827 (1966). Instead defendant must rely on federal laws "couched in terms of equality, such as the [the Civil Rights Act of 1964], as distinguished from laws, [such as 42 U.S.C. § 1983] that confer equal rights in the sense. . .

2

of bestowing them upon all." Rachel, 384 U.S. at 792.

Georgia v. Rachel illustrates this somewhat convoluted idea. In that case, the defendants were African-American. The state filed criminal trespass charges against them when they attempted to enter a place of public accommodation. The Supreme Court held that removal was proper because the petition alleged that the defendants were being "brought to trial solely as the result of peaceful attempts to obtain service at places of public accommodation" and that the Civil Rights Act of 1964 endows the defendants with a right to racial equality that would preclude prosecution for such conduct. Id. at 793.

Petitioner Chapman's situation is not at all like the situation in Rachel. For starters, he does not even mention his race. Even if he were to have claimed that Polk County officials were violating his constitutional rights because of his race or color, he cannot contend that but for his race, his behavior would not be subject to criminal prosecution. No citizen of the United States has the right to flee or elude police officers, resist arrest, attempt battery of a peace officer or obstruct an officer and no federal law confers immunity from prosecution for such conduct. To the extent petitioner wants this court to consider whether his rights under the First, Fourth, Fifth, Sixth and Thirteenth Amendment rights are being violated in the course of his criminal prosecutions, his claims are precluded by Younger v. Harris, 401 U.S. 37 (1971), which requires federal courts to refrain from interfering with state court prosecutions except under the limited situation explained above. Petitioner is

3

free to raise his constitutional challenges in the context of his criminal prosecutions.

In sum, defendant Chapman has not satisfied the prerequisites for removing a criminal case from state court. Therefore, his petition for removal must be denied and the case remanded to state court.

ORDER

IT IS ORDERED that Martin W. Chapman's petition for removal is DENIED because this court lacks subject matter jurisdiction over the cases he wishes to remove. The cases are REMANDED forthwith to the Circuit Court for Polk County, Wisconsin.

Entered this 3rd day of March, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge